**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

DOROTHY TARVER, ET AL.                     CIVIL ACTION NO. 08-0222

VERSUS                                     JUDGE S. MAURICE HICKS, JR.

SAFETY NATIONAL CASUALTY                   MAGISTRATE JUDGE HORNSBY
CORP., ET AL.

**MEMORANDUM RULING**

Before the Court are Defendant Safety National Casualty Corporation's ("SNCC")'s *Motion to Dismiss* (Record Document 10) and *Motion to Strike* (Record Document 12). For the reasons detailed below, SNCC's *Motion to Dismiss* is **GRANTED** and the *Motion to Strike* is **DENIED as moot**, and this case shall be **CLOSED**.

**I. BACKGROUND**

The Plaintiffs in this case are five Louisiana citizens, all residents of Bossier or Webster Parish. Plaintiffs filed this class action in a Bossier Parish state court on behalf of themselves and others similarly situated. Each bought from Safety National Casualty Corporation ("SNCC") a commercial security bond in order to secure the release of a person who had been arrested and charged with a crime.

Plaintiffs claim that SNCC brought a meritless suit for indemnification against each of them. Plaintiffs named as defendants both SNCC and the Louisiana attorneys who filed the indemnification suits: Singletary & Associates, APLC; Michael D. Singletary; and Kathy L. Smith ("Singletary Defendants").

Defendants filed a notice of removal based on an assertion of diversity jurisdiction under 28 U.S.C. § 1332. Record Document 1. The Plaintiffs moved to remand (Record

Document 27), and this Court denied their motion, finding that the Singletary Defendants had been improperly joined for the purpose of defeating diversity jurisdiction and dismissing the Singletary Defendants. Record Document 51.

Plaintiffs Dorothy Tarver, Dean Jasper, Charles Parker, Lee Murphy, and Robin Butler individually contracted with SNCC for the purchase of a commercial security bond to secure the release of persons arrested and charged with criminal violations in the State of Louisiana. Id. ¶¶ 1, 9. By signing an *Indemnity Agreement for Surety Bail Bond* ("Indemnity Agreement"), each Plaintiff, in exchange for SNCC's posting a bail bond on each criminal defendant's behalf, agreed to indemnify SNCC in the event of a loss resulting from the criminal defendant's failure to appear for a hearing as ordered by the court. Id. ¶ 10. Each criminal defendant for whom Plaintiffs posted bond failed to appear at a scheduled hearing, which resulted in the issuance of a bench warrant and a forfeiture of the commercial security bond posted by SNCC. Id. ¶ 11. The state then obtained a judgment of bond forfeiture against SNCC. Id. ¶ 12. Within six months after the notice of forfeiture was mailed, each of the criminal defendants made an appearance before the court. Plaintiffs allege that these late appearances triggered a provision of Louisiana Revised Statutes Section 15:85(10), so that the judgment of forfeiture was "deemed satisfied automatically and at no cost to [SNCC]." Id. ¶ 13. In each of the relevant cases, Plaintiffs claim that SNCC paid "no money as a result of the forfeited commercial security bonds." Id. ¶ 14.

The Singletary Defendants mailed demand letters on SNCC's behalf to each Plaintiff alleging that each owed SNCC an amount equal to the face value of the forfeited bonds. Id. ¶ 15. In the demand letters, Defendants offered to settle the debt for a reduced

amount.  Id.  At the time this demand was made, Plaintiffs contend that SNCC and the Singletary defendants knew that SNCC "had paid no money on the forfeited commercial security bond." Id. ¶ 16.  Plaintiffs likewise claim that Defendants knew that the judgment of forfeiture "had been deemed satisfied by operation of law at no cost to [SNCC]." Id. ¶ 17.

The Complaint goes on the allege that after individual Plaintiffs contested the validity of the alleged debt, Defendants withdrew  offers to settle for a reduced amount and demanded payment of the face value of the bond, under threat of a lawsuit.  Id. ¶ 20.  And, when certain Plaintiffs continued to contest the alleged debt, Plaintiffs claim that Defendants filed suit pursuant to the indemnification clause of the agreement "despite the fact that the judgment of forfeiture of the commercial security bond was deemed satisfied by operation of law at no cost to [SNCC]." Id. ¶ 21.  According to Plaintiffs, SNCC and the Singletary defendants knew at the time the suits were filed that SNCC "had paid no money on any of the forfeited commercial security bonds" because each of the judgments of forfeiture had been deemed satisfied by operation of law. Id.  ¶¶ 22-23.

## II. DISCUSSION

### A. Abuse of Judicial System

Plaintiffs, citing Louisiana's basic tort law, La. Civ. Code art. 2315, claim for the first time in their "Objection" to the Motion to Dismiss that the SNCC is liable for "abuse of the judicial system."  Record Document 20, p. 9, *cf.* Record Document 1-1, ¶ 25 (the Petition claims that the Singletary Defendants abused the judicial system in violation of La. Civ. Code. art. 2315, but does not mention SNCC).  Although the *Motion to Dismiss* has been pending for over a year, Plaintiffs have not moved to amend their Complaint to add the abuse-of-process claim against SNCC.

Because "consideration of a motion to dismiss is limited to the pleadings," Morgan Dist. Co. V. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989) (citing, *inter alia*, Martin v. Morgan Drive Away, Inc., 665 F.2d 598, 602 n.1 (5th Cir.)), "[i]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss," Morgan Dist. Co. V. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989) (collecting cases); Halter v. Allmerica Financial Life Ins. & Annuity Co., 1998 WL 516109 at * 4 (E.D. La. Aug. 19, 1998). Accordingly, Plaintiffs' putative claims against SNCC for abuse of the judicial system are **DISMISSED**.

### B. Bad Faith

Plaintiffs allege that SNCC's demands for payment and suits to enforce the Indemnity Agreements constituted bad faith by SNCC in settling a claim, in violation of Louisiana Revised Statutes Section 22:1220 (found in the Louisiana Insurance Code). Record Document 1-1, ¶ 6, 18, 24, & 28. Specifically, Plaintiffs allege that SNCC "fail[ed] to disclose pertinent facts" by "attempt[ing] in bad faith to collect in their demand letters and lawsuits the face value of judgments that had been set aside, at no cost to SNCC, without disclosing this critical fact to Plainitffs . . .," in violation of Louisiana Revised Statutes Section 22:1220B(1).

However, Plaintiffs ignore the fact that the provisions of La. Rev. Stat. § 22:1220 do not apply to them because they are neither insureds nor claimants under the Indemnity Agreements. Section 22:1220 provides in pertinent part:

> § 1220. Good faith duty; claims settlement practices; cause of action; penalties
> A. An insurer . . . owes ***to his insured*** a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust

> claims fairly and promptly and to make a reasonable effort to settle claims with the ***insured or the claimant***, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.

Id. (emphasis added). The duties laid out in § 1220 extend to "insured"s, which Section 22:1962 of the Revised Statues define as "the party [or parties] named on a policy or certificate as the individual [or individuals] with legal rights to the benefits provided by such policy." La. Rev. Stat. § 22:1962. The Louisiana Supreme Court has interpreted the mention of "claimants" in Section 22:1220 as significant, concluding in dicta "that the legislature intended to provide a right of action directly in favor of third-party claimants in certain situations when it enacted [Section] 22:1220." Theriot v. Midland Risk Ins. Co., 95-2895 (La. 5/20/97); 694 So. 2d 184, 188. Plaintiffs in this case, however, have no claims to benefits by virtue of the Indemnity Agreements. Rather, they agreed to indemnify SNCC, as bail bond surety, in the event that a criminal defendant failed to appear in court as ordered. Accordingly, Plaintiffs are neither insureds nor claimants within the meaning of Section 22:1220.

In addition, Plaintiffs' claims regarding SNCC's alleged misrepresentations do not fall within Section 22:1220(B)(1), which provides that "[m]isrepresenting pertinent facts or insurance policy provisions ***relating to any coverage at issue***" makes for a "material breach of the insurer's duties imposed in Subsection A [of Section 22:1220]." La. Rev. Stat. § 22:1220(B)(1) (emphasis added). Plaintiffs complaints regarding SNCC's attempts to enforce the Indemnity Agreements against them do not relate to any insurance coverage issues. Plaintiffs do not dispute that SNCC posted bail bonds as agreed. For these reasons, Plaintiffs' claims of bad faith against SNCC are **DISMISSED.**

### C. Breach of Contract

Plaintiffs also allege that SNCC's actions constituted breach of contract. Id. ¶ 27. Their Petition states simply that "The[] bad faith actions [described in the Complaint] constitute breach of contract." In their "Objection" to SNCC's *Motion to Dismiss*, Plaintiffs clarify that their breach of contract claims are based upon "SNCC's attempts to collect indemnity payments that SNCC knew it was not entitled to collect." Record Document 20.

The Indemnity Agreements executed by each of the Plaintiffs as "INDEMNITOR"s recite that the Indemnitor

> AGREE[S] TO PAY ALL COSTS ($500 MINIMUM CHARGE), IN U.S. CURRENCY, ASSOCIATED WITH THE FAILURE OF THE ABOVE NAMED DEFENDANT TO APPEAR IN COURT AS ORDERED, TO THE SURETY, ITS AGENTS, AND/OR ASSIGNS UPON SAID FAILURE TO APPEAR. A COPY OF THE JUDGMENT OF FORFEITURE NAMING THE ABOVE DEFENDA3NT SHALL BE PRIMA FACIE EVIDENCE OF LOSS SUSTAINED BY THE SURETY, ITS AGENTS AND/OR ASSIGNS.

Record Document 10, Exh. A. Plaintiffs "do not allege that SNCC is not entitled to recover any damages actually suffered," and concede that "SNCC is . . . entitled to rely upon their stipulated damages clause of their agreement." Record Document 20. However, Plaintiffs imply that Defendants have breached the contracts by sending demand letters and instituting suit because "it has long been the law in Louisiana that stipulated damages must not be so disproportionate to the actual damages suffered by a party as to be punitive in nature," that "the presence of a stipulated damages clause does not prevent a party from introducing evidence that there were no damages, or that the damages are significantly less than the actual damages suffered," and that "when stipulated damages are penal in nature, they are disallowed as contrary to public policy." Id. Plaintiffs claim they can show

that SNCC paid no money on the judgments of bond forfeiture, that no money is owed on the judgment, and that the judgments were set aside at no cost to SNCC. Id. Even if SNCC did incur some "minor costs" in conjunction with ensuring the defendants appeared, Plaintiffs reason that "it seems highly improbable that those costs come anywhere close to the $500 set forth in the contracts as the minimum stipulated damages, or the $1000 that the Movers attempted to obtain from the Plaintiffs." Id. Accordingly, they argue "the burden [of proof] will shift back upon SNCC to show what, if any, damages it has suffered." Id.

Plaintiffs correctly state the law regarding enforcement of stipulated damages provisions. However, Plaintiffs' claims in this suit do not require the Court to enforce (or refuse to enforce) the stipulated damages language in the Indemnity Provision of Plaintiffs' contracts with SNCC. Plaintiffs claim instead that SNCC has breached their contracts by seeking to enforce the stipulated damages provisions against Plaintiffs. None of the cases cited by Plaintiff stands for such a proposition. See Mobley v. Mobley, 37,364-CA (La. App. 2 Cir. 8/20/03); 852 So. 2d 1136 (appeal from enforcement of stipulated damages provisions in a prior consent judgment); Am. Leasing Co. Of Monroe, Inc. v. Lannon E. Miller & Son, Gen. Contracting, Inc., 16910-CA (La. App. 2 Cir. 5/8/85); 469 So. 2d. 325 (appeal from enforcement of a stipulated damages provision in a suit to recover future rents under a tractor lease); Keiser v. Catholic Diocese of Shreveport, 38,797-CA (La. App. 2 Cir. 2004); 880 So.2d 230 (appeal from refusal to offset a resigned teacher's claims for unpaid and unused sick leave by enforcing a stipulated damages clause in the teacher's contract); Carney v. Boles, 25905-CA (La. App. 2 Cir. 9/21/94); 643 So.2d 339 (refusing to enforce a stipulated damages provision in a suit by employees pursuant to a contract guaranteeing Plaintiffs a full year's salary upon termination from employment). In each of these cases,

plaintiffs or defendants sought to enforce or overcome a contractual stipulated damages provision in a suit on the contract. If these courts had adopted the position that Plaintiff urges, the parties urging enforcement of the stipulated damages provisions in each of these cases would have been found to be in breach. The notion that instituting suit to enforce the terms of a written agreement somehow constitutes breach of the same agreement borders on absurd and certainly does not constitute an independent cause of action. Accordingly, Plaintiffs' claims against SNCC for breach of contract are **DISMISSED**.

### III. CONCLUSION

For the reasons stated above, SNCC's *Motion to Dismiss* (Record Document 10) is **GRANTED,** the *Motion to Strike* (Record Document 12) is **DENIED as moot**, and this case shall be **CLOSED**.

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

Thus done and signed, this, the 17th day of March, 2009, in Shreveport, Louisiana.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE